**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Dallas H., ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | No. 22 C 50432 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Martin O'Malley, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
|     *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dallas H. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his applications for disability insurance benefits and supplemental security income.[2] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

**BACKGROUND**

In January 2021, Plaintiff began receiving regular mental health treatment for various mental health concerns, including post-traumatic stress disorder (PTSD) and psychosis. R. 343. His treatment plan noted that he had an extensive history of trauma, including physical and emotional abuse from his father and sexual abuse from a relative on at least two extended occasions. R. 414. He routinely presented with complaints of social isolation, problems sleeping, paranoia, hallucinations, anxiety, and depression. *E.g.*, R. 397-99. He was later diagnosed with

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 8.

PTSD, unspecified schizophrenia spectrum and other psychosis disorder, anxiety disorder, and phase of life problem. R. 398.

## PROCEDURAL HISTORY

On March 4, 2020, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of February 18, 2018. R. 206. Approximately one year later, on February 10, 2021, Plaintiff filed an application for supplemental security income, alleging disability beginning May 19, 1992, because of attention deficit hyperactivity disorder (ADHD), PTSD, bipolar disorder, anxiety, dissociative disorder, identity disorder and depression. R. 133, 213. Plaintiff later amended the alleged disability onset date to February 10, 2021. R. 81. His claim was denied initially on September 20, 2021, and upon reconsideration on December 23, 2021. R. 116, 132. A hearing was held before an administrative law judge (ALJ) on May 2, 2022. R. 42. The ALJ issued a written decision on May 25, 2022, finding that Plaintiff was not disabled under the applicable sections of the Social Security Act, and thus, not entitled to benefits. R. 53. The ALJ found that Plaintiff had the following severe impairments: depression, dissociative disorder, bipolar disorder, anxiety, identity disorder, attention deficit disorder, and PTSD. R. 44. The ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 45. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels, but with the following non-exertional limitations: the claimant is limited to simple, routine tasks; the claimant can have no interaction with the public; and the claimant can have only occasional interaction with co-workers and supervisors.

R. 47. The ALJ determined that Plaintiff had no past relevant work, but considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in

the national economy that Plaintiff could have performed. R. 52. After the Appeals Council denied Plaintiff's request for review on October 19, 2022, Plaintiff filed this instant action. R. 1; Dkt. 1.

## JUDICIAL REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## DISCUSSION

Among other arguments, Plaintiff argues that the ALJ's decision should be remanded because the ALJ improperly evaluated counselor Mancera's opinion. This Court agrees that the ALJ's evaluation of counselor Mancera's opinion was not supported by substantial evidence, specifically because the ALJ did not adequately explain why he found the opinion inconsistent with other evidence of record.

Plaintiff established care with Mancera in February 2022. R. 699. On March 18, 2022, Mancera provided a Treating Medical Source Statement, in which she assessed that Plaintiff would

be "off-task" 30 percent of the time during a normal workday and/or workweek, and that Plaintiff "would likely miss work more than four days per month due to persistent & elevated anxiety levels, intrusive recollections of past traumatic experiences, paranoid thinking, seclusiveness, & disorientation to time and place." R. 580-81. Thereafter, Mancera saw Plaintiff for counseling sessions once per week. During the hearing, Mancera testified that she believed that Plaintiff may be absent from work more than four days per month "due to the high levels of anxiety, dissociation, being faced with those triggers, and also getting the motivation to get [to work]." R. 79.

The ALJ concluded that Mancera's opinion was only partially persuasive. The ALJ noted that while Mancera's opinion was:

> supported by her own examination of the claimant, which demonstrated intense levels of anxiety, a blunt affect, hallucinations, illogical thinking, recollections of past traumatic experiences, dissociative tendencies, isolation, and depression, the portions of her opinion noting that the claimant will be off task 30 percent of a normal workday and absent from work more than four days per month are not consistent with the medical evidence of record as a whole. Specifically, these portions of her opinion are inconsistent with medical records and mental status examinations revealing hallucinations and problems concentrating, but intact cognition, average intelligence, a normal affect, responsiveness, appropriate behavior, engagement, normal judgment, normal memory, good impulse control, alertness, normal speech, full orientation, and a good mood.

R. 51.

This evaluation is inadequate and requires remand. Because Plaintiff's claims were filed after March 27, 2017, the ALJ's evaluation of medical opinions is governed by 20 C.F.R. § 404.1520c. This regulation requires that the ALJ evaluate the medical opinions presented and explain the persuasiveness of each. *See* 20 C.F.R. §§ 404.1520c(a), (b). Each medical opinion must be evaluated using the factors in 20 C.F.R. §§ 404.1520c(c)(1)-(5): supportability, consistency, relationship with the claimant and specialization, along with others the ALJ may choose to incorporate. Of these factors, supportability and consistency are the most important. 20 C.F.R. §

404.1520c(b)(2). Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion, and consistency assesses how a medical opinion squares with other evidence in the record. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). The ALJ must explain how he considered the supportability and consistency factors for each medical opinion, but is not required to explain how he considered the other factors. 20 C.F.R. § 404.1520c(b)(2); *see also Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022). In discussing the factors of supportability and consistency, the ALJ must build a logical and accurate bridge between evidence and conclusions to enable meaningful review. *See e.g.*, *Evonne R. v. Kijakazi*, No. 20 C 7652, 2022 WL 874650, at *5 (N.D. Ill. Mar. 24, 2022) (citing *Grotts v. Kijakazi*, 27 F.4th 1273 (7th Cir. 2022); *Gestner v. Berryhill*, 879 F.3d 257, 263 (7th Cir. 2018)).

Here, the ALJ found Mancera's opinion supported by her own records, which show intense levels of anxiety, a blunt affect, hallucinations, illogical thinking, recollections of past traumatic experiences, dissociative tendencies, isolation, and depression. However, the ALJ states that Mancera's opinions that Plaintiff will be off task 30 percent of a normal workday and absent from work more than four days per month are inconsistent with medical records and examinations as a whole. R. 51. Specifically, the ALJ states that those opinions are inconsistent with mental status examinations revealing hallucinations and problems concentrating but intact cognition, average intelligence, a normal affect, responsiveness, appropriate behavior, engagement, normal judgment, normal memory, good impulse control, alertness, normal speech, full orientation, and a good

mood. R. 51.[3] But, without further explanation it is impossible to discern what the ALJ means here. Common sense would indicate that someone who is hallucinating will be unable to carry out the functions of full-time work at least while the hallucinations are occurring.[4] Is the ALJ saying that, despite record evidence of hallucinations and problems concentrating, the listed "normal" findings trump those problems and render Plaintiff able to work? If so, this Court agrees with Plaintiff's argument that such a conclusion required the ALJ to stray beyond his expertise as an adjudicator and into the forbidden territory of playing doctor. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Or is the ALJ saying that the hallucinations and problems concentrating were not occurring often enough to support Mancera's opinions? Recall Mancera opined that Plaintiff would be off-task 30 percent of a normal workday and absent from work more than four days per month. The ALJ's reference to medical records showing that, on certain days Plaintiff had some normal findings, may indicate no more than that Plaintiff had good days and bad days which the Seventh Circuit has repeatedly indicated "in no way undermines, [Plaintiff's] showing of disability." *Mandrell v. Kijakazi*, 25 F.4th 514, 519 (7th Cir. 2022). Moreover, the records the ALJ relies on to support "normal" findings in many instances do not in fact contain the normal findings the ALJ alleges. *See supra* note 3. And, despite days when Plaintiff exhibited some normal findings, there

---

[3] First, it must be noted that a number of the records the ALJ cited to support this statement do not in fact show all of the findings stated by the ALJ. R. 51 (citing R. 420-21, 705, 709, 801-02, 809, 811-13). In a number of the records cited, Plaintiff's affect is described as anxious/dysphoric/flat. R. 802; *see also*, *e.g.*, R. 356, 799. His judgment is described as poor, insight and attention are poor, but his cognition is "otherwise" normal. R. 809, 812-13; *see also*, *e.g.*, R. 793, 796, 799. His intelligence is sometimes described as below normal. R. 793, 807. This improper cherry picking should be addressed on remand.

[4] "The insistence on common sense is not a principal unique to Social Security cases." *Nicole R. v. Kijakazi*, No. 22 C 1891, 2023 WL 1970360, at *7 (N.D. Ill. Feb. 13, 2023). A reviewing court must read an ALJ's opinion as a whole and take a common-sense approach to its review. *Id.* (citing *Winsted v. Berryhill*, 923 F.3d 472, 478 (7th Cir. 2019); *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)).

were times in the medical records where Plaintiff was actively hallucinating at medical visits (R. 420), had an anxious, flat affect, (R. 356) exhibited paranoid thinking (R. 839, 817, 420) or was actively having flashbacks during a session (R. 604, 606). The documented days when Plaintiff was hallucinating, having flashbacks, exhibited an anxious flat affect and paranoid thinking appears to be consistent with Mancera's opinion that Plaintiff will be unable to work four or more days a month. The ALJ may conclude otherwise, but if so, he must explain why he is making that finding. Where an ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).[5]

The Commissioner attempts to support the ALJ's evaluation of Manera's opinion by offering explanations that the ALJ did not make and in some respects are nonsensical. For example, the Commissioner states that the ALJ determined that Plaintiff's subjective symptoms were not fully corroborated by the record. But active hallucinations, visible evidence of flashbacks during counseling sessions, and visible symptoms of anxiety were findings made in the medical record based on examination. And the ALJ admitted that Mancera's conclusion regarding missed workdays and time off task was consistent with the records showing hallucinations and problems concentrating but then went on to list other normal findings found in the medical records that he felt were not consistent with that opinion. The ALJ's subjective symptoms evaluation does not provide the explanation that is missing from his analysis of Mancera's opinion—If the records show hallucinations, and the ALJ finds the records consistent with hallucinations, how do other normal findings undermine the opinion that there will be days when Plaintiff cannot work? Again,

---

[5] The Court agrees that this is not a harmless error, because the vocational expert testified that being off task for more than 10% of an eight-hour day—or missing more than one day per month—would preclude work for a claimant. R. 82-84.

perhaps the ALJ can explain his reasoning satisfactorily, but he has not done so yet. A medical expert may be necessary to address the issue.

Lastly, though neither party raises this argument, the Court makes one final observation. In concluding that Mancera's opinion was inconsistent with the record, the ALJ added a final line: "In addition the issue of employability is reserved for the Commissioner." R. 51. It is true that the question of whether a claimant qualifies for benefits is a question of law that is reserved for the Commissioner. *Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013). And assertions that a claimant is disabled or unable to work are "inherently neither valuable nor persuasive," because those determinations are also reserved for the Commissioner. 20 C.F.R. § 404.1520b(c)(3); *see also Albert*, 34 F.4th at 616 ("[S]ummarily asserting that the claimant is disabled does not suffice under the Commissioner's regulations"). But here, Mancera did not opine on whether Plaintiff was disabled, nor whether he could work. Instead, her opinion was that Plaintiff's impairments are so limiting that he would likely be absent from work more than 4 days per month. That is not a statement on an issue of employability that is reserved for the Commissioner. *E.g.*, *Lambert v. Berryhill*, 896 F.3d 768, 776 (7th Cir. 2018) (explaining that a physician's opinion that a plaintiff's "chronic back pain is so limiting that he no longer can tolerate even sedentary work," was not an improper legal conclusion).

In short, this case must be remanded because the ALJ did not adequately explain his conclusion that Mancera's opinion, which supported Plaintiff's claim of disability, was inconsistent with the record as a whole. In remanding the case, the Court is not concluding or suggesting that the issues raised in this appeal must be resolved in a particular way, but rather that they should be explored more thoroughly. Further, in light of this Court's remand, it will not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues

argued on appeal with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: March 18, 2024          By: _____
                                  Lisa A. Jensen
                                  United States Magistrate Judge